TUCKER v. DUDLEY.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

1. HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—QUESTION FOR JURY.
    Where, in an action for the alienation of the affections of plaintiff's wife, the issues were closely contested, and the evidence so conflicting that the trial judge charged that if the jury believed the testimony adduced on plaintiff's part they could not believe that adduced on defendant's part, the case was peculiarly within the province of the jury.

2. TRIAL—WITNESSES—CREDIBILITY—INSTRUCTIONS.
    In an action for alienation of affections of plaintiff's wife, defendant's case rested mainly on his own evidence and that of plaintiff's wife, which was contradicted in nearly every material respect by plaintiff and his witnesses. *Held*, that an instruction that, if the jury found that defendant or plaintiff's wife had in any manner misrepresented or tried to evade in any way answering questions put to them, the jury might disregard their entire testimony, was error; the jury being only entitled to disregard the evidence of a witness if he had willfully and designedly testified falsely with reference to material facts or issues presented.

3. APPEAL AND ERROR—EXCEPTIONS—FORM—SUFFICIENCY.
    Where exceptions were severally taken, each to a specific charge, and there was no uncertainty as to the subject of each exception, they were not objectionable on the ground that the charge was conjunctive and the exceptions general, and did not specify the alleged error.

4. SAME—INSTRUCTIONS—RIGHT TO ALLEGE ERROR.
    An objection that an erroneous instruction as to the credibility of defendant as a witness was not ground for reversal, because defendant

was plaintiff's witness and by the exclusion of his testimony defendant would not suffer, will not be sustained, where the instruction was not limited to the evidence given by defendant as a witness for plaintiff.

Appeal from Trial Term, Kings County.

Action by Edwin H. Tucker against Eugene P. Dudley. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial granted.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Lorlys Elton Rogers, for appellant.

Frederick W. Sparks (Jesse Fuller, Jr., on the brief), for respondent.

RICH, J.    This action was brought to recover damages from the defendant by the plaintiff for alienation of his wife's affections. The issues of fact were closely contested. The evidence given by the respective parties is so conflicting and at variance that the learned trial justice felt called upon to say to the jury that if they believed the testimony adduced on the part of the plaintiff they could not believe the testimony adduced on the part of the defendant. The case was, therefore, one peculiarly within the province of the jury to determine.

The defendant's case rested upon the evidence mainly of himself and of his witness Mrs. Tucker, the plaintiff's wife, which was contradicted in nearly every material respect by the plaintiff and his witnesses. It was of importance that in submitting the case to the jury the rights of both parties to have their testimony fairly considered should be preserved. At the request of the plaintiff's counsel, however, the court charged that, if the jury found "that Mr. Dudley" (the defendant) "has in any manner misrepresented or tried to evade in any way answering the questions put to him," they might disregard his entire testimony; and the same charge was given as to Mrs. Tucker, to which the defendant duly excepted. This instruction is not in accordance with the law, which does not permit a jury to entirely disregard the testimony of a party or witness which is wholly or partly contradicted by or at variance with that produced by the other party, unless the facts testified to are material to the issues and the witness has willfully or designedly testified falsely. The right of a jury to wholly disregard the evidence given by a witness exists only when they find that there has been an intentional disregard of the truth by the witness in testifying to facts material to the issues presented. This rule is so firmly established, and has been so rigidly adhered to by the courts, that citation of authorities is unnecessary.

In the case at bar the jury were instructed that, if they found that the defendant or his witness had in any manner sworn falsely concerning the questions asked him or her, they were at liberty, and it was their right, to disregard the entire testimony of the witnesses, and that, if they reached the conclusion that in some wholly immaterial matter either had unintentionally misrepresented or tried to evade, even though unsuccessfully, any question, the jury was not required to give any consideration to any portion of their testimony. We cannot say that the jury did not follow this erroneous instruction and reject the

entire testimony of both the defendant and his witness in arriving at their verdict.

It is argued that under the rule declared in Clark v. N. Y. C. & H. R. R. Co., 191 N. Y. 416, 84 N. E. 397, the defendant's exceptions to those portions of the charge are not now before us for review, because, as is said, the charge was conjunctive, and the exceptions were general, and do not specify the alleged error. The case cited is not applicable. The exception there considered followed an objection addressed both to a modification of the charge and to the charging of a request, leaving it uncertain which was the subject of the exception. In the case at bar the exceptions were severally taken each to a specific charge, and there is no doubt or uncertainty as to what was the subject of each exception.

It is also urged that, assuming this portion of the charge to be erroneous, it does not constitute ground for reversal because the defendant was plaintiff's witness, and by the exclusion of his testimony the defendant could not suffer. The answer to this is that the instruction was not limited to the evidence given by the defendant as a witness for the plaintiff.

The judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur.