## CULLEN v. BATTLE ISLAND PAPER CO.

(Supreme Court, Appellate Division, Fourth Department.   November 11, 1908.)

WITNESSES (§ 317*)—CREDIBILITY.

Where a witness knowingly and intentionally gives false evidence, his whole evidence may be disregarded; but his testimony cannot be disregarded as a matter of law simply because he gave different evidence on the same matter on another hearing before another tribunal.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1080, 1081; Dec. Dig. § 317.*]

, Williams, J., dissenting.

Appeal from Trial Term, Oswego County.

Action by Richard J. Cullen against the Battle Island Paper Company.   From a judgment for plaintiff, entered on the verdict of a jury, defendant appeals.   Reversed, and new trial ordered.

The action was commenced on the 20th day of June, 1904, to recover, as appears by the complaint, the value of the use of certain plans and specifications alleged to have been loaned by the plaintiff to the defendant, at its request, to be used, and which it is claimed were used, in the construction of a sulphite mill erected by it in the city of Fulton, N. Y.   The action, however, was tried upon the theory that the defendant, through its president, entered into an oral agreement with the plaintiff by which it agreed to pay for the use of the plans and specifications furnished by the plaintiff the sum of $15,000 in stock of the defendant, and agreed that such stock should be as good as gold.   The court charged the jury, in substance, that unless the oral contract was made the plaintiff could not recover; but the jury found that such agreement was made, and that the plaintiff was entitled to recover $15,000, the amount demanded in the complaint.   All question as to quantum meruit as a basis of recovery was eliminated from the consideration of the jury.   The action has been twice tried.   On the first trial the jury disagreed.   On the second trial, which is the subject of the review, the jury rendered a verdict of $15,000 in plaintiff's favor, and upon it the judgment appealed from was entered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Irving G. Hubbs, for appellant.
Elon R. Brown, for respondent.

McLENNAN, P. J.   In July, 1901, Thomas Hunter, H. Lester Paddock, James C. Hunter, George C. Webb, and Carrie E. Wells, determined to erect a sulphite pulp mill at Fulton, N. Y., and such persons were incorporated for such purpose.   It appears that immediately before or after such incorporation some or one of them wrote to the plaintiff, looking to his employment as manager of the sulphite mill about to be erected, and that as a result of such negotiations plaintiff was employed, as appears by the written correspondence, at a salary of $4,000 per year for three years, commencing September 1, 1901.   After such agreement of hiring, which was with the full knowledge of all the parties interested in the corporation, it is insisted by the plaintiff that he entered into an oral agreement with the defendant, the defendant being represented by its president, Mr. Hunter, to the effect that he (the plaintiff) should receive $15,000 for plans and

specifications which he was to furnish to the defendant. The plaintiff testified that such was the oral contract, which, as we have seen, was made the basis of the plaintiff's recovery in this case. The defendant's president, and all the other witnesses called by it, declared most positively that no such oral agreement or contract was made. The evidence on the part of the plaintiff and the witnesses called by him tending to establish his cause of action and the evidence of Hunter and witnesses called by the defendant, in contradiction to the witnesses called by the plaintiff, made a distinct question of fact, which must be passed upon by this court.

In this case it seems to us that such question of fact, considering all the circumstances, ought to be passed upon in strict accordance with the rules of law as to the rejection and reception of evidence, and also as to the propositions charged by the learned trial court. It seems to us that the question as to whether or not an oral agreement was entered into which involved the payment by the defendant of $15,000 was a question of fact, which could only be determined by the most careful scrutiny of the evidence offered for and against such contention.

It appears that upon the former trial of this action one of the witnesses, or certain of them, stated facts different than detailed by him or them upon this trial. The learned counsel for the plaintiff then asked the court to charge that if such was the fact, to wit, that the witnesses for the defendant had stated under oath the facts different upon the last trial than upon the previous trial, the jury were justified in considering that the whole evidence offered by such witnesses was unworthy of credence or belief, and an exception was duly taken to such charge of the court. We think that the learned trial court was in error in making the charge referred to. It is not the law, as we think, that the evidence of a witness who may state certain facts pertinent to the issue involved may, as matter of law, be disbelieved because he has stated those facts otherwise upon a previous trial. The law is that, if a witness knowingly states a material fact incorrectly, his whole evidence may be disregarded. We think it has never been held that as matter of law the evidence of a witness may be disregarded simply because of the fact that he has given different evidence upon another hearing and before another tribunal. We think that the learned trial court committed error in charging in this respect as plaintiff's counsel requested. The court said:

"Well, if a witness swore falsely upon any of the main issues in this case, they [the jury] would have a right to disregard all of his testimony."

And then plaintiff's counsel continued:

"I ask the court, in that same line, that not only if he swore falsely, but if a witness contradicted himself, upon one of the main issues in the case, and testified here one way and at the other time another way, that the jury could take that into consideration as affecting his credibility, and refuse to receive his evidence or give it any weight. The mere fact of the contradiction, a man swears one time one way and one time another way, is such a matter that a jury has a right to consider upon the question of affecting the credibility of a witness; and if they consider that he did, then they can disregard his entire evidence, his credibility having been affected."

The court charged as requested, and an exception was taken. We do not understand such to be the law. We think that the jury had a right to take into consideration any discrepancy as to the testimony of a witness given by him upon the trial in question and a former trial in another judicial inquiry; that such discrepancy does not entitle the jury to eliminate the evidence of such witness, unless they find that the evidence contradictory of such statement was knowingly false and untrue. In the case at bar there was a very close question of fact presented. It is hardly necessary to point out the positive evidence of the respective witnesses, and especially the circumstances which should be potential in determining the issue of fact presented ·by this appeal. The question, it seems to us, is so close that the appellant has a right to insist that the charge of the court, which .we think must be concededly erroneous, was prejudicial to the defendant and entitles it to a new trial.

The substance of the charge as made is to the effect that, if a witness makes a statement under oath upon a trial which is contrary to or in conflict with a statement made by him upon a previous trial, the jury from that fact alone have a right to refuse to consider the evidence of such witness given upon such last trial. We do not understand such to be the law, but that there must be added the consideration that such witness knowingly and intentionally gave false evidence upon such first trial. We therefore conclude that the ruling of the trial court was erroneous, and that because of such ruling in this case the judgment and order appealed from should be reversed.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur, except WILLIAMS, J., who dissents.