HAMMELMANN v. BERNHARDT et al.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

1. APPEAL AND ERROR (§ 1031*)—INSTRUCTIONS—PREJUDICIAL ERROR.
    Where, in an action for personal injuries by being struck by defendant's automobile, the testimony being sharply conflicting, any erroneous instruction as to the law in testing the credibility of witnesses would be presumably prejudicial and ground for reversal.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046; Dec. Dig. § 1031.*]

2. APPEAL AND ERROR (§ 273*)—EXCEPTION BELOW—INSTRUCTIONS—SUFFICIENCY—CLEARNESS OF.
    In a certain action the attorney, wishing to object to a part of a charge of the court, restated that to which he objected. The court corrected him, saying that that was not the charge given, and then proceeded to repeat it, after which the attorney said: "That is what I desire an objection to. I desire an exception as your honor now stated it and as you stated

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it in your charge, if it was any different." *Held*, that the part of the charge objected to was clearly pointed out by the exception, so as to warrant review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1299; Dec. Dig. § 273;* Trial, Cent. Dig. §§ 690, 694–696.]

3. WITNESSES (§ 317*)—FALSE TESTIMONY—WHEN IT MAY BE WHOLLY DISREGARDED.

A jury may disregard the whole testimony of a witness, who has testified falsely to a material fact, only when such witness has so testified willfully, intentionally, or knowingly.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1080; Dec. Dig. § 317.*]

Appeal from Trial Term, Erie County.

Action by Charles Hammelmann against Herman Bernhardt and others. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frank Gibbons, for appellants.

H. H. Bacon, for respondent.

ROBSON, J. On July 1, 1908, an automobile operated by defendants collided with plaintiff, a pedestrian on one of the public streets of the city of Buffalo; and plaintiff was severely injured. The manner in which the injury occurred, and whether plaintiff, or defendants, were responsible for it, were sharply contested; and a verdict, either for plaintiff, or defendants, would not be open to objection as against the weight of evidence. Plaintiff's version of the facts and that given by defendants differed radically; and defendants' responsibility for the accident could be found by the jury only upon the most careful examination of the conflicting testimony of witnesses as to facts within their personal observation at the time the collision occurred. The question of the credibility of the different witnesses being thus sharply presented for the jury to pass upon, if erroneous instructions were given as to the principles and rules they should, or were permitted to, apply in testing the truth of the testimony of the witnesses, such error was presumably prejudicial to the defeated party; and, if presented for review by proper exception, supply sufficient ground for reversal of the judgment following the verdict thus obtained.

The court in charging the jury said:

"If you find that any of these witnesses have testified falsely upon a material fact in the case, you have a right to disregard their evidence entirely."

This statement, taken with what immediately preceded, would warrant the jury in inferring that it was especially directed to the testimony of one of the defendants. At the close of the charge defendants' counsel said:

"I desire to except to that portion of your honor's charge where you instruct the jury that, if they find that any witness testified falsely in one respect, they must disregard his whole testimony. The Court: That is not the statement the court made. The court's statement was that, if he testi-

fied falsely as to a material fact in the case, they had a right to disregard his entire evidence. Defendants' Counsel: That is what I desire an exception to. The Court: Your statement did not cover that. Counsel: I desire an exception as your honor now stated it and as you stated it in your charge, if it was any different. The Court: Yes."

We have quoted thus at large from the record because respondent's counsel urges that the exception taken "was too vague and indefinite to avail defendants." It is difficult to see how the attention of the court could be called more pointedly to the exact part of the charge to which exception was taken. Evidently it was clearly understood both by the court and counsel. The charge, as made, and repeated when defendant's counsel attempted to except thereto, omitted the very material and essential part of the rule that the jury may entirely disregard the testimony of a witness, who has testified falsely to a material fact, only when such witness has so testified willfully, intentionally, or knowingly. Tucker v. Dudley, 127 App. Div. 403, 111 N. Y. Supp. 700. This court has had occasion so recently to reverse a judgment because of a similar error in the charge of the trial court that it is not profitable to restate further the views expressed in the opinion then delivered. Cullen v. Battle Island Paper Co., 128 App. Div. 369, 112 N. Y. Supp. 934.

Judgment and order reversed, and new trial ordered; costs to appellant to abide event. All concur.