THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRED OHLSON, Appellant.— Motion for leave to appeal to the Court of Appeals denied.

The following is the opinion of the special county judge of Monroe county, as rendered on January 13, 1932, in *Ryan* v. *Masseth* (*ante*, p. 883).

SHEDD, J. One of the grounds raised by defendant on his motion to set aside the verdict of the jury and grant a new trial, is that this court erred in its charge to the jury regarding its right to disregard the testimony of a witness, if in its opinion that witness had testified to facts which were not true. The law seems to be well settled that a jury may wholly disregard the evidence of a witness only where he has willfully and knowingly testified falsely to a material fact. (*Hammelmann* v. *Bernhardt*, 140 App. Div. 42; *Tucker* v. *Dudley*, 127 id. 403; *Cullen* v. *Battle Island Paper Co.*, 128 id. 369; *People* v. *Countryman*, 201 id. 805.) There is no question that this court, whatever its intentions may have been, did not in its charge use either of the words willfully, intentionally or knowingly, nor say that the fact must be material. It is quite possible that it might be held that although these express words were not used, the intendment might fairly be deduced from the language used, and that under other facts and circumstances it might be held that a party was not prejudiced by failure of the court to more clearly instruct the jury as to the rule to apply in testing the truth of the testimony of witnesses. In this case, however, the question of how the accident happened and who was responsible for it was sharply litigated. The evidence presented by both sides was radically different and the question of credibility of witnesses was an important factor to be determined by the jury. Under the circumstances, this court cannot say that the omission to charge that the jury had a right to disregard the evidence of a witness only where he had willfully or knowingly testified falsely to a material fact, was not prejudicial to defendant and did not have an important bearing upon the result. It is true that no exception was taken to the charge as made, but the law is equally well settled that upon a motion for a new trial under section 549 of the Civil Practice Act, the trial court has authority, if the interest of justice requires, to grant a new trial notwithstanding any failure to take proper exceptions, etc. (*Miller* v. *Barnett*, 158 App. Div. 862; *Matter of Brand*, 185 id. 134; *Lesin* v. *Shapiro*, 147 id. 100), and this rule is conceded by plaintiff's attorney in his brief. I am of the opinion, in view of the evidence that the charge as made could well be held to be prejudicial to defendant, that justice requires that a new trial be granted. Motion to set aside verdict and grant a new trial is granted.